IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELIX M., as parent and next friend
of Jane M., a minor child,

               Plaintiff,

vs.                                                  CIVIL NO. 99-1287 MV/LFG-ACE

ROBERT CORDOVA et al.,

               Defendants.

## MEMORANDUM AND ORDER
## GRANTING MOTION TO COMPEL
## PRODUCTION OF INITIAL DISCLOSURES

THIS MATTER is before the Court on Defendant Robert Cordova's Motion to Compel [Doc. 41]. Defendant seeks to compel Plaintiff to comply with initial disclosure obligations under Fed. R. Civ. P. 26 and D.N.M.LR-Civ. 26. Plaintiff opposes the motion. The Court considered the motion, response and reply. Oral argument is not necessary.

### Background

Plaintiff's complaint asserts causes of action under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, Title IX of the Education Acts of 1972, the Violence Against Women Act, the Rehabilitation Act, the Americans With Disabilities Act, and the New Mexico Tort Claims Act.

Plaintiff contends that Jane M., a special needs child assigned to a special education class, was sexually abused by a teacher. Plaintiff concedes that the child's psychological records are relevant and discoverable as her psychological condition has been placed at issue, but contends that her remaining medical records, including records of any physical condition she has or may have had are not relevant.

While Plaintiff's response to the motion asserts that there is no physical injury, a review of the parties' Initial Pretrial Report ("IPTR") contains the following Plaintiff's Contentions:

> [1] . . . Defendant Cordova posed a substantial risk of serious harm to students
>
> [2] . . . Defendant Cordova sexually assaulted and battered the minor Plaintiff, while she was a student in his special education class.
>
> [3] This sexual abuse included, but was not limited to, fondling the minor Plaintiff's breasts and vagina.
>
> [4] Defendant Cordova targeted the minor Plaintiff for sexual abuse because she is female, and because of her heightened vulnerability due to her diagnosed learning disabilities.
>
> [5] . . . the minor Plaintiff has suffered substantial damages and injuries, including but not limited to pain and suffering, emotional distress, embarrassment, humiliation, fear, lost educational opportunity, and lasting psychological harm.

(IPTR, Plaintiff's Contentions, p. 5-6)

The very nature of Plaintiff's accusations belie the contention that the child's damages are limited to only psychological injury. For example, Defendant Robert Cordova ("Cordova") is accused of engaging in physically abusive sexual conduct. The specific claim is a sexual assault and battery on a minor. Plaintiff's own contentions demonstrate that Cordova physically and intrusively invaded the child's bodily integrity by physical touching and abusing her intimate and private body parts. As a result of the intrusive, wrongful conduct, Plaintiff claims substantial damages for these injuries. She did not limit her request for damages for emotional distress, embarrassment and humiliation. Indeed, the complaint and IPTR speak of "substantial damages and injuries" "including but not limited to pain and suffering" in addition to claims for emotional distress, embarrassment, humiliation, fear, lost opportunities and lasting psychological harm.

Plaintiff concedes that the child's psychological records are relevant and discoverable because the claim for psychological injury and damages are at issue. She resists, however, release of any other medical records, contending that such records are not relevant and, in any event, privileged. The Court rejects both contentions. First, Plaintiff fails to distinguish between "relevancy" for discovery purposes and "admissibility" for trial purposes. Indeed, Rule 26(b)(1) states in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . .
>
> The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The Rule's language is subject to broad interpretation. This is consistent with the federal rule policy that the rules of procedure are designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986-87 (1958)(citing Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 388-89 (1947)). Because the test of relevancy is significantly broader at the discovery stage, discovery is permitted as to matters which "[are] or may become relevant," Payer, Hewitt & Co. v. Bellanca Corp., 26 F.R.D. 219, 221 (D. Del. 1960), or "might conceivably have a bearing" on the subject matter of the action, Triangle Mfg. Co. v. Paramount Bag Mfg. Co., 35 F.R.D. 540, 542 (E.D.N.Y. 1964).

Conversely, courts will prohibit discovery unless the matters inquired into can have "no possible bearing upon the issues" or are clearly irrelevant to the subject of the action. E.I. duPont

de Nemours & Co. v. Deering Milliken Research Corp., 72 F.R.D. 440, 443 (D. Del. 1976); Marshall v. Elec. Hose & Rubber Co., 68 F.R.D. 287 (D. Del. 1975). Here, given the claim for substantial damages, it is appropriate to inquire whether there are any other causes for the significant damage claims being advanced.

Plaintiff argues that the child's physical condition is not relevant and has no bearing on her present psychological condition. Cordova, however, is not bound to accept Plaintiff's explanation as to the reasons for the child's damages and may explore if there are other possible explanations for the child's injuries or damages. The whole purpose of discovery is to allow a party to be as fully prepared as possible to evaluate the case for settlement or, alternatively, to meet the proofs at trial. United States v. Procter & Gamble Co.

For example, a prior physical injury, assault or physical abuse may have caused or contributed to the cause of the child's present psychological condition. As in other psychological abuse or emotional harm cases, a defending party is free to examine whether other life stressors or prior acts may have caused or contributed to the cause of the injured person's present condition. The child's medical records may contain information or may provide insight based on reports to physicians by parents, nurses, teachers or others, information which may either be relevant in itself or may lead to the discovery of other relevant, admissible evidence. As such, this information is subject to discovery.

Plaintiff also objects to production of medical records because of New Mexico's physician-patient privilege. Plaintiff relies on New Mexico's substantive law because federal courts do not recognize a physician-patient privilege. See, e.g., Gilbreath v. Guadalupe Hosp. Found., Inc., 5 F.3d 785 (5th Cir. 1993)(no physician-patient privilege under federal law); Patterson v. Caterpillar, Inc.,

4

70 F.3d 503 (7th Cir. 1995)(in ERISA action, federal law does not recognize physician-patient privilege).

While the Court recognizes that New Mexico's substantive law in reference to evidentiary privileges is applicable, when a party seeks substantial damages, as in this case, that party may not prevent an opposing party from examining the merits of the claim for damages. It would be improper to assert a substantial claim for damages and thereafter deny access to the very information which may assist the opposing party in challenging or refuting the claim.

It is possible that nothing in the child's records will lead to the discovery of other relevant, admissible evidence, or that nothing in the child's records will make a fact of consequence in this litigation more probably true or untrue. Nonetheless, Cordova is entitled to discover facts necessary for his evaluation of the case or to prepare to meet the proofs at trial.

The Court overrules Plaintiff's objections and directs that Plaintiff fully comply with the requirements of D.N.M.LR-Civ. 26. The medical records produced to Cordova, pursuant to discovery, are, of course, confidential and may not be used for purposes other than this litigation.

Plaintiff argues that sanctions are not appropriate. The Court notes, however, that at the Rule 16 conference conducted in this case, the Court inquired of the parties if Rule 26 disclosures had been made, and reminded the parties of each category of initial disclosure obligations. Specifically, the Court advised Plaintiff of the necessity to provide a ten-year listing of all healthcare providers, by name, address and phone number, and a signed medical release form. It was incumbent on Plaintiff to promptly seek the Court's protective order if Plaintiff disagreed that medical records should be provided.

Here, Plaintiff failed to produce initial disclosures and failed to seek the Court's order limiting discovery obligations. This is improper. It is axiomatic that a party is required to comply with discovery obligations imposed by the Federal Rules of Civil Procedure, the Court's local rules and directives of the Court. The Court determines that Plaintiff has wrongfully failed to produce discoverable information. The Court admonishes Plaintiff to ensure future compliance with discovery obligations, but will not impose sanctions as a result of the present violation.

The listing of all healthcare providers and signed medical release forms shall be produced to Cordova within ten calendar days.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
Paul J. Kennedy, Esq.
Mary Y.C. Han, Esq.

ATTORNEYS FOR DEFENDANT CORDOVA:
Kevin M. Brown, Esq.
Brian A. Thomas, Esq.